UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **LASHAUNDA RENEE STEVENS** | Case No. 19-41974-mar<br>Chapter 7<br>Hon. Mark A. Randon |
| Debtor | |

**OBJECTION TO DEBTOR'S MOTION
TO CONVERT FROM CHAPTER 7 TO CHAPTER 13**

Trustee Wendy Turner Lewis, by and through her undersigned attorneys, for her Objection to Debtor's Motion to Convert From Chapter 7 to Chapter 13, states as follows:

1. Lashaunda Renee Stevens ("Debtor") filed Chapter 7 bankruptcy on February 13, 2019.

2. Trustee Wendy Turner Lewis ("Trustee") is the duly appointed Chapter 7 Trustee.

3. On May 9, 2019, Trustee filed objections to Debtor's claimed exemptions (Doc # 28).

4. The objections pertained to, among other things, Debtor's attempt to exempt her residence located at 16858 Avon Ave., Detroit, MI 48219 (the "Property").

5. Trustee arranged for Bill Swanson to examine the property and provide an estimated value of the property, which he determined was approximately $125,000.

6. Shortly thereafter, Trustee informed Debtor that her Property held value in excess of the allowable exemptions available to her, and that Trustee would seek to liquidate the Property for the benefit of creditors unless the Debtor could otherwise make the estate whole[1].

7. On May 10, 2019, Debtor filed amended Schedule C (Doc # 30), again seeking to exempt 100% of the value of the Property, among other things.

8. On June 10, 2019, Trustee filed objections to Debtor's amended exemptions (Doc # 38). Again, the objections pertained to Debtor's attempt to exempt 100% of the value of the Property, and other invalid exemptions Debtor claimed.

9. Shortly thereafter, Debtor contacted Trustee indicating that she thought since she received her discharge (entered on May 29, 2019), that her case would close and the Trustee would no longer seek liquidation of the Property. Trustee informed her that she was incorrect, and advised she seek bankruptcy counsel for any legal advice.

---

[1] This Court is likely well aware that trustees often enters settlement agreements in lieu of property liquidations if advisable and in the best interest of creditors)

10. On June 21, 2019, Debtor, by her recently retained bankruptcy counsel, filed a response to Trustee objections denying that the exemptions were invalid, and further stating that Debtor would file an amended Schedule C.

11. To date, Debtor has failed to file further amended schedules addressing the invalid exemptions.

12. On June 21, 2019, Debtor also filed a Motion to Convert From Chapter 7 to Chapter 13 (Doc # 41) (the "Conversion Motion").

13. The Conversion Motion states that Debtor's "current circumstances" and "objectives," as well as the ability to convert to a Chapter 13 case "at any time" are sufficient grounds for her Conversion Motion.

14. Under 11 U.S.C. § 706:

    (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

    [...]

    (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

15. Therefore, the Debtor's right to convert is contingent on whether or not she may be a Debtor under Chapter 13

16. This Court has the authority to deny conversion as a "prompt, rather than a delayed, ruling on an unmeritorious attempt to qualify as a debtor under Chapter 13" *Marrama v. Citizens Bank*, 549 U.S. 365 (2007). Conversion should be denied for any of the same reasons a Chapter 13 plan would be denied confirmation.

17. Additionally, conversion from Chapter 7 to Chapter 13 is impermissible where the facts and circumstances around the debtor's conduct including disclosures made in his or her bankruptcy schedules suggest the Debtor is seeking conversion in bad faith. *Marrama* ruled that the fraudulent conduct of a Debtor is sufficient for the bankruptcy court to rule that a debtor is not entitled to the relief of conversion. *Id.* at 374-375.

18. "The type of bad faith that can justify denial of conversion includes, but is not limited to, fraudulent concealment of assets." *In re Sammut*, 486 B.R. 404, 407, (Bankr. E.D. Mich. Oct. 18, 2012).

19. Trustee questions the Debtor's ability and/or intention to propose a Chapter 13 plan in good faith and in the best interest of creditors, where Debtor has claimed invalid exemptions and has severely undervalued her Property.

20. Creditors stand to gain a meaningful distribution upon liquidation of the non-exempt equity in Debtor's residence.

21. Debtor's motion is not made is good faith such that Debtor could not feasibly meet the requirements of 11 U.S. Code § 1325 debtor has not updated the value of her home on her schedules

22. On July 2, 2019, in accordance with L.B.R. 9014-1(h), Trustee requested but did not receive concurrence in this matter.

23. Trustee's objection is authorized and timely under Fed. R. Bankr. P. 4003.

**WHEREFORE**, the Trustee prays this Court enter an order denying the relief requested by Debtor.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: July 7, 2019

*/s/ David P. Miller, attorney*
David P. Miller (P-79911)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850 ext. 113
david@detlegal.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **LASHAUNDA RENEE STEVENS** | Case No. 19-41974-mar<br>Chapter 7 |
| Debtor | Hon. Mark A. Randon |

**BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO CONVERT FROM CHAPTER 7 TO CHAPTER 13**

Wendy Turner Lewis, Trustee, by his attorneys Clayson, Schneider & Miller, P.C. states as follows for her brief in support of Trustee's Objection to Debtor's Motion to Convert from Chapter 7 to Chapter 13 (Docket No. 41).

**JURISDICTION**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1); § 1334; and Local Rule 83.50(a) (E.D.Mich.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**BACKGROUND**

Trustee incorporates by reference Trustee's Objection to Debtor's Motion to Convert as though fully set forth herein.

Debtor verified that the information in her Schedules was truthful and accurate at her § 341 Meeting of Creditors. When the Debtor was questioned about

the claimed value of 16858 Avon, she informed the Trustee that when she purchased the house three or four years prior it was valued at $60,000.00. When the Trustee asked what the value of the house is now, Detor claimed she did not know.

Once Debtor realized Trustee would not allow her invalid exemptions to stand, and would continue to seek liquidation of the bankruptcy Estate's interest in her property, Debtor promptly filed a motion to convert to Chapter 13. Trustee asked that Debtor update her schedules with the correct valuation of 16858 Avon. Debtor has failed to comply with the Trustee's request. Trustee made several attempts to settle this case without conversion so that Debtor would be able to keep her house, however, Debtor is now trying to proceed with conversion to Chapter 13 to avoid disclosing the true value of her residence, and ultimately avoid liquidation of its value for the benefit of her creditors.

Additionally, despite Trustees's requests, Debtor has failed to turnover income tax returns for the years 2017 and 2018, and has only sent illegible statements of income.

## ANALYSIS

The Debtor failed to disclose property of the estate, purposefully undervalued assets, failed to comply with turnover, and failed to cooperate with the

Trustee's Realtor. Further, the feasibility and integrity of any Chapter 13 Plan would be severely compromised by the fact that there are assets of this estate that are subject to liquidation for the benefit of creditors, and the Debtor has not accurately disclosed the value of her property and has claimed knowingly invalid exemptions. The Debtor's motion is made in bad faith, and is a transparent attempt to escape the Trustee's administration of the estate after the Debtor's representations were discovered to be false. Conversion is not in the best interests of the Debtor's creditors.

The United State Supreme Court ruled in <u>Marrama v. Citizens Bank</u> that a debtor's right to convert from Chapter 7 to Chapter 13 is not an absolute right[2]. The Court held in relevant part that:

> …nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision), limits the authority of the court to <u>take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he [or she] is not entitled to the relief available to the typical debtor</u>. On the contrary, the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code, <u>is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order</u> that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action

---

[2] <u>Marrama v. Citizens Bank</u>, 549 U.S. 365, 374, (U.S. Feb. 21, 2007).

prejudicial to creditors[3].

As such, under <u>Marrama</u>, a Debtor's fraudulent conduct is sufficient for the bankruptcy court to rule that a Debtor is not entitled to the relief of conversion[4]. "The type of bad faith that can justify denial of conversion includes, but is not limited to, fraudulent concealment of assets."[5] Further, failure to comply with a debtor's statutory duties is evidence of bad faith under <u>Marrama</u>[6].

"<u>Marrama</u> reasoned that a bankruptcy court's finding of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is <u>not a member of the</u>

---

[3] <u>Id.</u>, at 374-375 (Emphasis added).
[4] <u>Id.</u>
[5] <u>In re Sammut,</u> 486 B.R. 404, 407, (Bankr. E.D. Mich. Oct. 18, 2012).
[6] *See* <u>In re Karellas</u>, 2008 Bankr. LEXIS 4259 (Bankr. D. Mass., 2008): the Debtor's failure to comply with § 521(a)(3) and (4) was indicia of bad faith; *see also* <u>In re Shafer,</u> 2009 Bankr. LEXIS 1386, at *29 (Bankr. D. Md., 2011) where conversion was denied because the "…Debtor has continuously failed to disclose assets, has not cooperated with the Trustee… and is motivated to covert to Chapter 13 to escape the control of the Trustee"; *See also* <u>In re Cilwa</u>, 2016 Bankr. LEXIS 1815 (Dist. S.C., 2016); *See also* <u>In re Jennings</u>, 2013 Bankr. LEXIS 1020 (Bankr. W.D.N.C., 2013); In re Southern, 2011 Bankr. LEXIS 1170 (Bankr. M.D.N.C., 2011).

class of honest but unfortunate debtor that the bankruptcy laws were enacted to protect, and such an individual is not eligible to convert out of Chapter 7[7].

Here, the Debtor severely undervalued assets and, despite having filed amended schedule C, has still failed to claim valid exemptions. The Debtor has failed to cooperate with the Trustee and his professionals in violation of 11 U.S.C. § 521(a)(3), and has failed to turnover property of the estate and records in violation of 11 U.S.C. § 521(a)(4). Debtor filed the motion to convert in a bad-faith attempt to avoid the consequences of her false representations. Debtor's actions have prevented the Trustee from administering the estate. Administration of the estate by the Chapter 7 Trustee is in the best interests of creditors.

**WHEREFORE** the Trustee prays that this court enter an order denying the Debtor's motion to convert to Chapter 13 bankruptcy.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: July 7, 2019

/s/ David P. Miller, attorney
David P. Miller (P-79911)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850 ext. 113
david@detlegal.com

---

[7] Sammut, 486 B.R. at 408 (Internal citations omitted)(Emphasis added).

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:　　　　　　　　　　　　In Bankruptcy:

**LASHAUNDA RENEE STEVENS**　　　　　Case No. 19-41974-mar
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor　　　　　　　　　　　　　　Hon. Mark A. Randon

---

## CERTIFICATE OF SERVICE

Re:　Trustee's Objection to Debtors' Motion to Convert from Chapter 7 to Chapter 13, Brief in Support of Trustee's Objection and Certificate of Service.

I hereby certify that, on the July 7, 2019, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send <u>electronic service</u> of such filing to the <u>Office of the United States Trustee, Debtor,</u> and all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system.

Dated: July 7, 2019　　　　　*/s/ David P. Miller, attorney*
　　　　　　　　　　　　　　　David P. Miller (P-79911)
　　　　　　　　　　　　　　　645 Griswold, Suite 3900
　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　(313) 237-0850 ext. 113
　　　　　　　　　　　　　　　david@detlegal.com